*59 The opinion of the Court was delivered by
Wardlaw, J.
The plaintiffs and defendant are tenants in common of a mill on Pond Branch; they between them owning one-half of the mill, and he owning the other half of the mill and the whole of the surrounding land. At the highest estimate of the witnesses, the profits of the mill when running did not exceed two dollars a day, and the plaintiffs, if disseized at all, were excluded from possession for four months only, and lost about one hundred and eight dollars ; yet the verdict is for fifteen hundred dollars. In actions for tort sounding in damages such as trespass and case, the Court of Appeals rarely interferes with the discretion of the jury to award damages according to the circumstances, unless the damages be so manifestly excessive as to demonstrate the existence of some foreign and malign influence on the jury. Yet in actions of trespass brought for reparation of some injury to the plaintiff’s right to real estate, where no indignity to the person or invasion of the personal rights of the plaintiff appears, the extent of the injury to his proprietary rights forms the true measure of damages. In this case no circumstance of aggravation attends the supposed disseizin; and a new trial might well be granted on the ground that the damages found are excessive.
On the first ground of appeal, we express our dissatisfaction with the sufficiency of the evidence to show such ouster as enabled the plaintiffs to bring this action. There may not have been such utter lack of evidence as to require the Circuit Judge to Avithhold the case from the jury; but there was not enough to justify their verdict. The sufficiency of the proof of ouster depends on the nature of the suit in which it is offered. In ejectment the defendant is required to admit ouster, and in trespass for mesne profits pursuing a recovery in ejectment, little evidence of ouster is requisite.
So in giving efficacy to the presumption of title from long *60 exclusive possession9by one of several tenants in common, tbe evidence of the ouster may be slight. Fisher vs. Prosser, Cowp. 218. In general one tenant in common cannot sue another concerning the possession of the joint estate, as each is seized per my ei per tout, and the possession of one is the possession of both; but the unity of possession may be destroyed by the actual ouster of one of the tenants by the other, and a right of action accrue. 2 Bl. Com. 174, 183; 3 Leon. 262; Co. Litt. 201; 5 Wheat. 124; 1 McC. 132. One tenant in common may disseize the other, but it must be by actual disseizin, as by turning him out or hindering him to enter; and the exclusive perception of the profits is not enough. 1 Salk. 392. Bouvier defines ouster as the actual turning out or keeping excluded a party entitled to possession of any real property corporeal; 2 Bouv. L. D. 256; and he proceeds to say that generally no temporary trespass is an ouster, yet that it may be constituted by any continuing act of exclusion even by one tenant in common of his co-tenant. In our own case of Harmon vs. Gartman, Harp. 430, defendant and one L. were tenants in common of a field, which L. without consent of defendant leased to plaintiff, who planted it in corn; defendant entered and ploughed up part of the planted corn on a portion of the field which he claimed to cultivate by agreement with L. Held, that this was no such actual ouster as enabled one tenant in common to maintain trespass guare clausum fregit against the other. It is not necessary to constitute ouster that there should be forcible ejection of the tenant or a forcible hindrance of his entry. Befusal of his right, attended by circumstances showing the determination of the disseizor to resort to physical force if necessary, is sufficient proof of ouster. In the present case, there was no ejection of the plaintiffs and there was no detention of the possession from them. The defendant disputed their right and spoke of resort to law, but after the altercation between the parties, supposed to evince ouster, the plaintiffs were left *61 in possession of the mill, and one of them raised the gate and turned loose the water. So far as mere words in the altercation went, the plaintiffs might be presumed as reasonably to be disseizors as the defendant.
Ordered that a new trial be granted.
O’Neall, O. J., and Johnstone, J., concurred.

Motion for a new trial granted.